IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DIAMOND CRYSTAL BRANDS, INC. )
and DIAMOND CRYSTAL SALES, )
LLC, )
 )
    Plaintiffs, )
 )
v. ) CASE NO. CV407-42
 )
FOOD MOVERS INTERNATIONAL, )
INC., )
 )
    Defendant. )
 )

## O R D E R

Before the Court are Defendant Food Movers' Objection to the March 4, 2008 decision of the Magistrate Judge (Doc. 76), Motion for Discovery Pursuant to Rule 56(f) (Doc. 65), and Motion to Transfer Venue (Doc. 31). For the following reasons, the decision of the Magistrate Judge is **AFFIRMED,** the Motion for Discovery is **DENIED,** and the Motion for Transfer of Venue is **DENIED.**[1]

I. **Objection to the Magistrate Judge's Order Regarding Defendant's Motion to Modify Scheduling Order and Motion for Extension of Time to Perfect Service**

On March 4, 2008, Magistrate Judge G.R. Smith entered an order denying Defendant's request to extend the time

---

[1] Defendant's Request for Oral Argument on its Motion for Discovery Pursuant to Rule 56(f) (Doc. 72) is **DENIED.** Plaintiffs' "Motion for Leave to File Supplement Briefing in Opposition to Motion to Transfer Venue" (Doc. 83) is **DENIED** as **MOOT.**

limit for service on Hormel Food Corporation, against which Defendant filed a counterclaim on September 12, 2007. The Magistrate Judge also denied Defendant's request to modify the scheduling order.

On March 18, 2008, Defendant filed an Objection to the Magistrate Judge's Order. Under Local Rule 72.2, "[t]he District Judge . . . shall consider the objection and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." LR 72.2; see also 28 U.S.C. § 636(b). After careful consideration in this case, the Court finds no reason to set aside any portion of the Magistrate Judge's order. Accordingly, the order of the Magistrate Judge is affirmed.

## II. Motion for Discovery Pursuant to Rule 56(f)

Defendant has filed a Motion for Discovery Pursuant to Rule 56(f), asking for a continuance in order to obtain discovery materials which it claims will enable it to oppose Plaintiffs' Motion for Summary Judgment. Plaintiffs oppose this request. Discovery closed on December 21, 2007, and Defendant conducted no discovery.

In its Motion, Defendant argues that it possesses justifiable reasons for why discovery has not occurred. Accompanying Defendant's Motion are the affidavits of its two attorneys, Robert Hughes, III and Beverly O'Hearn.

Rule 56(f)(2) provides that a party may seek a continuance to conduct additional discovery for purposes of opposing a motion for summary judgment if it can show by affidavit that it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(f). "A Rule 56(f) motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998). However, "[w]here a significant amount of discovery has been obtained, and it appears that further discovery would not be helpful in resolving the issues, a request for further discovery is properly denied." Avirgan v. Hull, 932 F.2d 1572, 1580 (11th Cir. 1991).

"Although a district court should generally apply Rule 56(f) liberally, the court need not employ the rule to spare litigants from their own lack of diligence." Hebert v. Wicklund, 744 F.2d 218, 222 (1st Cir. 1984); Grayson v. O'Neill, 308 F.3d 808, 816 (7th Cir. 2002); see also Berkeley v. Home Ins. Co., 68 F.3d 1409, 1414, (D.C. Cir. 1995); Paul Kadair, Inc. v. Sony Corp. of Am., 694 F.2d 1017, 1028 (5th Cir. 1983); 10B Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 2741, at 429-31

(1998)(("[Rule 56(f)] will not be applied to aid a party who has been lazy or dilatory . . . a request for relief under Rule 56(f) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery.") For example, in Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir. 1989), the Eleventh Circuit Court of Appeals affirmed the district court's denial of a continuance where the party seeking it had access to the relevant witnesses but failed to depose them during the discovery period.

In this case, Defendant has failed to adequately explain its lack of diligence in pursuing available discovery options before the close of the discovery period. Although Defendant states that its affidavits "clearly show justifiable reasons why discovery has not occurred," the Court disagrees. Mr. Hughes's affidavit attempts to describe the facts that Defendant hopes or expects to uncover with further discovery, but does not seek to explain Defendant's failure to conduct discovery. (See generally Hughes Aff.) In her affidavit, attorney Beverly O'Hearn explains that the parties were engaged in negotiations during the discovery period and that she hoped for either a voluntary dismissal with prejudice or a transfer of venue. Ms. O'Hearn also explains that she

4

struggled to obtain the assistance of local counsel with experience in antitrust law. (O'Hearn Aff. at 4.)

The explanations presented by Ms. O'Hearn are insufficient excuse Defendant's lack of diligence in pursuing discovery. A mistaken belief that the case will be dismissed or transferred does not entitle a party to avoid meeting the scheduling deadlines imposed by the Court. And an attorney's inexperience in a field of law does not excuse a party from conducting discovery in that field to support its claims. Accordingly, Defendant's Motion for Discovery Pursuant to Rule 56(f) is **DENIED**.

### III. Motion to Transfer Venue

Defendant filed a Motion to Transfer Venue on September 12, 2007, seeking to move the venue to California. At that time, a substantial part of Defendant's argument in favor of transfer was based upon the California antitrust claims it had asserted against Hormel Food Corporation in its amended counterclaim. However, Hormel had not been served as of the date of the Motion. In fact, that entity has never been a party to this lawsuit, the time for effecting service has now passed, and the Magistrate Judge's decision on Defendant's

Motion for extension of time to perfect service has been affirmed. Accordingly, the Motion is **DENIED**.[2]

## CONCLUSION

Defendant's Objection to the Magistrate Judge's order dated March 4, 2008 has been considered, and the decision of the Magistrate Judge is hereby **AFFIRMED**. Defendant's Motion for Discovery Pursuant to Rule 56(f) is **DENIED**. Defendant's Motion to Transfer Venue is likewise **DENIED**.

SO ORDERED this 4th day of April, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] In denying the Motion to Transfer Venue, the Court has considered the following factors: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).