IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DIAMOND CRYSTAL BRANDS, INC.  )
and DIAMOND CRYSTAL SALES,     )
LLC,                           )
                               )
     Plaintiffs,               )
                               )
v.                             )   CASE NO. CV407-42
                               )
FOOD MOVERS INTERNATIONAL,     )
INC.,                          )
                               )
     Defendant.                )
                               )

## O R D E R

Plaintiffs Diamond Crystal Brands, Inc. and Diamond Crystal Sales, LLC (collectively "Diamond Crystal") have filed a "Motion for Judgment on the Pleadings and for Final Judgment on the Complaint." (Doc. 38.) For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

This dispute arose out of a contract for the sale of Splenda, an artificial sweetener. Defendant Food Movers International, Inc. is a California corporation engaged in the purchase and resale of wholesale quantities of food products. In August 2005, Food Movers was approached by Nasser Company, a food broker, for a deal in which Food Movers would resell excess quantities of Splenda manufactured by Diamond Crystal. Diamond Crystal and Food

Movers agreed that Food Movers would receive a discounted rate on the Splenda if it ordered a specified minimum amount per month from Diamond Crystal.

Between August 2005 and January 2006, Diamond Crystal and Food Movers contracted regularly for the sale of Splenda. (Def.'s Ex. A.) According to Food Movers, in December 2005 or January 2006, Diamond Crystal breached its contract by refusing to ship two pending orders which it (or Nasser, its agent) had confirmed in writing. (Def.'s Resp. at 10-11.) Food Movers alleges that Diamond Crystal's reasons for failing to fulfill the purchase orders were anticompetitive.

In January 2006, Defendant Food Movers purchased two shipments of Splenda which it received and resold to its customers. It is uncontested that Food Movers failed to pay Diamond Crystal for these two shipments of Splenda.

On February 28, 2007, Diamond Crystal filed a complaint in the Superior Court of Chatham County. Food Movers removed the case to this Court on March 22, 2007. On August 3, 2007, the Court denied Food Movers' motion to dismiss for lack of personal jurisdiction. On April 4, 2008, the Court denied Food Movers' requests to (1) modify the scheduling order, (2) obtain an extension of time to

conduct discovery, and (3) transfer venue. Food Movers' motion for reconsideration of that Order was also denied.

Diamond Crystal filed the instant Motion on November 2, 2007, arguing that judgment on the pleadings is proper because (1) Food Movers has admitted that it failed to pay for two shipments of Splenda it received and (2) any alleged wrongs committed by Diamond Crystal are counterclaims rather than affirmative defenses.

In response, Food Movers admits that it withheld payment on two purchase orders but contends that Diamond Crystal's wrongful conduct excuses any debt Food Movers might otherwise owe. Food Movers also asserts that its simple denial of the debt is sufficient to prevent an entry of judgment on the pleadings.

## ANALYSIS

### I. Standard of Review

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A judgment on the pleadings may be entered when material facts are not in dispute and judgment can be rendered based on the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370

3

(11th Cir. 1998). The moving party, for purposes of a Rule 12(c) motion, must concede the accuracy of all factual allegations in the nonmovant's pleading. Furthermore, a court must draw all inferences in favor of the nonmoving party. Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002). However, where the only remaining questions are questions of law, the court may enter judgment on the pleadings. See Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir. 1996).

In a Rule 12(c) motion based on a contract, "the contract is considered part of the pleadings and does not require the conversion of a Rule 12(c) motion to a Rule 56 motion for summary judgment." McPhillips v. Gold Key Lease, Inc., 38 F. Supp. 2d 975, 977 n.3 (M.D. Ala. 1999)(internal citation omitted). Likewise, documents which are referenced in the pleadings, central to the claim, and undisputedly authentic - including invoices - may be considered by the Court in a Rule 12(c) motion. Horsley, 304 F.3d at 1134; see also Hoffman-Pugh v. Ramsey, 193 F. Supp. 2d 1295, 1297 n.1 (N.D. Ga. 2002).

## II. Diamond Crystal's Claim

In this case, judgment can be entered based upon the substance of the pleadings and documents attached by reference. The case is governed by the Uniform Commercial

4

Code, which permits a seller to recover the price of goods accepted by the buyer. O.C.G.A. § 11-2-709(1); Al and Zack Brown, Inc. v. Bullock, 238 Ga. App. 246, 249, 518 S.E.2d 458 (1999). Taking the uncontroverted facts as true, Food Movers admits that it "made purchases . . . of Splenda from Diamond Crystal" and that "it withheld payment on two purchase orders." (Def.'s Answer at ¶¶ 6, 8.) Accordingly, the breach of contract has been established. And as explained below, Food Movers' "defenses" are actually counterclaims and therefore do not preclude judgment on the pleadings as to Diamond Crystal's claim.

## III. Diamond Crystal's Alleged Wrongful Acts as Defenses

In support of its opposition to Diamond Crystal's Motion for Judgment on the Pleadings, Food Movers points to Diamond Crystal's alleged "violation of federal and California antitrust law and breach of contractual obligations" as justification for its failure to pay for the goods it received. (Def.'s Resp. at 1.) These claims will be considered in turn.[1]

---

[1] Food Movers does not contend that judgment on the pleadings is precluded by its other asserted defenses: failure to state a claim, lack of personal jurisdiction, and improper venue. However, the Court nonetheless notes that these defenses would not bar entry of judgment on the pleadings. First, Food Movers cannot argue that Diamond Crystal failed to state a claim where Food Movers admits that it received and failed to pay for two shipments of

5

A. **Antitrust Claims**

The Supreme Court has rejected the contention that a defendant in a contract case may excuse his failure to pay by asserting that the plaintiff committed violations of antitrust law. See Kelly v. Kosuga, 358 U.S. 516, 518, 79 S. Ct. 429, 3 L. Ed. 2d 475 (1959). As the Court explained:

> As a defense to an action based on contract, the plea of illegality based on violation of the Sherman Act has not been met with favor in this Court. This has been notably the case where the plea has been made by a purchaser in an action to recover from him the agreed price of goods sold.

Id.; see also Bruce's Juices v. Am. Can Co., 330 U.S. 743, 755, 67 S. Ct. 1015, 91 L. Ed. 1219 (1947).

Therefore, Food Movers may not defend its failure to pay for goods received by pleading illegality based on violation of antitrust laws. See Kelly, 358 U.S. at 518. Such a claim is properly a counterclaim for a setoff,² not a

---

Splenda. Second, Food Movers' defense based upon lack of personal jurisdiction was denied by this Court on August 3, 2007. Finally, the defense of improper venue was waived when it was not asserted in Food Movers' first responsive pleading, and the motion for transfer of venue was also denied.

² "If a party mistakenly designates . . . a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated . . . ." Fed. R. Civ. P. 8(c)(2); see also Gouldstone v. Life Investors Ins. Co. of Am., 236 Ga. App. 813, 514 S.E.2d 54

6

defense, and does not prevent entry of judgment on the pleadings. See Nat'l City Bank v. Busbin, 175 Ga. App. 103, 105-06, 332 S.E.2d 678 (1985)(where a defendant attempts to set off a debt owed him by the plaintiff against the claim of the plaintiff, the setoff does not constitute a denial of the plaintiff's claim); see also Gen. Elec. Supply Co., Div. of Gen. Elec. Co. v. Forbes, Inc., No. 86 C 1281, 1987 WL 7265, at *2 (N.D. Ill. Feb. 24, 1987)(mem)(granting motion for judgment on the pleadings because "[Plaintiff]'s action to compel payment for goods purchased is separate from [Defendant's] claim that [Plaintiff] violated the antitrust laws").

B. **Breach of Contract Claim**

Food Movers argues that Diamond Crystal also committed a breach of contract and that this breach constitutes a defense to Diamond Crystal's claim against Food Movers. Taking Food Movers' factual allegations as true, there are instances of breach of contract committed by both parties. First, as discussed, Food Movers admits that it ordered and received two shipments of Splenda without paying for them. Second, according to Food Movers, Diamond Crystal confirmed

---

(1999)(breach of contract claim put forth as both affirmative defense and basis for counterclaim "must be asserted as a counterclaim rather than a defense").

7

two other, different orders of Splenda and then refused to supply or deliver them.

However, these alleged occurrences represent separate contracts.³ Accordingly, Food Movers' claim for a setoff based upon Diamond Crystal's failure to fulfill certain confirmed orders must operate as a counterclaim and cannot be asserted as a defense to Food Movers' failure to pay for the shipments at issue in Diamond Crystal's Complaint.⁴ This counterclaim does not preclude entry of judgment on the pleadings on Diamond Crystal's claim. See Busbin, 175 Ga. App. at 105-06.

**CONCLUSION**

The facts giving rise to Food Movers' liability are not in dispute. In addition, Food Movers' asserted defenses are properly counterclaims and do not preclude

---

³ In its Answer and Counterclaim, Food Movers denies owing any amount because of Diamond Crystal's "breach of other contracts for the sale of goods." (Def.'s First Amended Answer and Counterclaim, at 2)(emphasis added). To the extent that Food Movers attempts to construe separate contractual obligations as events within a broader contract, (Id. at 6-7, 10), it is stating a legal conclusion that need not be credited in a motion for judgment on the pleadings. See Kohen v. Crocker Co., 260 F.2d 790, 792 (5th Cir. 1958).

⁴ If a party's answer treats a claim for setoff as a defense, a court may recast the claim for setoff as a counterclaim. Fed. R. Civ. P. 8; Steinberg v. St. Paul Mercury Ins. Co., 108 F.R.D. 355, 359 (S.D. Ga. 1985).

judgment on the pleadings. Accordingly, Diamond Crystal's Motion for Judgment on the Pleadings is **GRANTED**.

The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiffs in the amount of $288,111.60, plus prejudgment interest of $46,943.32, for a total of **$335,054.92**. However, pursuant to Rule 62(h),[5] enforcement of this order is stayed pending resolution of Food Movers' counterclaims.

SO ORDERED this 20th day of June, 2008.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[5] Rule 62(h) provides that "a court may stay the enforcement of a final judgment entered under Rule 54(b) [in a case with multiple claims] until it enters a later judgment or judgments . . . ." Fed. R. Civ. P. 62(h).