IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DIAMOND CRYSTAL BRANDS, INC. )
and DIAMOND CRYSTAL SALES, )
LLC, )
 )
 Plaintiffs, )
 )
v. ) CASE NO. CV407-042
 )
FOOD MOVERS INTERNATIONAL, )
INC., )
 )
 Defendant. )
_____ )

## O R D E R

Before this Court is the parties "Stipulation and [Proposed] Order Approving Irrevocable Letter of Credit in Lieu of Supersedeas Bond and Staying Proceedings Pending Appeal." (Doc. 112.) In this Motion, all parties have agreed that an irrevocable letter of credit, for the full amount of this Court's Judgment plus interest, is sufficient to justify a stay of the enforcement of this Court's Judgment under Federal Rule of Civil Procedure 62(d). (Id.) For the following reasons, the parties' Stipulation is **APPROVED** and enforcement of the Court's Judgment is **STAYED** for so long as the letter of credit remains in **full force and effect**.

Plaintiffs removed this lawsuit from State court on May 22, 2007. (Doc. 1.) A final judgment was entered in this case on September 10, 2008. (Doc. 112.) Then, on September 19, 2008,

the Food Movers International sought an appeal. (Doc. 113.) The parties now ask this Court to approve an irrevocable letter of credit in lieu of the normal supersedeas bond, as sufficient to justify a Rule 62(d) stay. (Doc. 112.)

Federal Rule of Civil Procedure 62(d) permits an appellant to obtain a stay by posting a supersedeas bond. "[A] party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond" in accordance with Rule 62(d). Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theaters, Inc., 87 S. Ct. 1, 3, 17 L.E.3d 37 (1966). The stay becomes effective when the supersedeas bond is approved by the Court. Fed. R. Civ. P. 62(d).

Courts have the power to permit security other than a supersedeas bond when granting a Rule 62(d) stay. Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189 (11th Cir. 1979).[1] "If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal," the Court can allow a substitute for the supersedeas bond. Id. at 1191. Moreover, "The purpose of a supersedeas bond is to preserve the status quo while protecting

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

the non-appealing party's rights pending appeal. It is within the court's discretion to fashion a security arrangement that protects the rights of both the judgment creditor and the judgment debtor." Prudential Ins. Co. of Am. v. Boyd, 781 F.2d 1494, 1498 (11th Cir. 1986).

Each party is satisfied that their rights are protected under this agreement. (Doc. 112 at 1-2.) The letter of credit provides a showing of present financial ability by Food Movers International to pay this Court's Judgment. (Id. at 4-6.) It also shows a financially secure plan through which the full amount of the Judgment will be paid, should the Judgment be affirmed on this appeal. (Id.) Accordingly, and after careful consideration of all the parties' interests, this Court **APPROVES** the stipulation of the parties and **STAYS** the enforcement of its Judgment for so long as the letter of credit remains in **full force and effect**.² The stay is effective as of the date of this Order.

SO ORDERED this 10th day of October, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

² Should the Judgment of this Court be set aside on appeal, the obligations under the letter of credit may be voided under its own terms. (Doc. 112 at 4-6.)

3